**In re Filippo LIONTI and Carmela Lionti, h/w, Debtors.**

**FIRST MORTGAGE CO. OF PA., Plaintiff,**

v.

**Filippo LIONTI and Carmela Lionti, h/w, Defendants.**

Bankruptcy No. 82–01703K.

Adv. No. 82–1148K.

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 8, 1983.

Richard F. Stern, Jenkintown, Pa., for plaintiff.

Nelson J. Sack, Media, Pa., for debtors/defendants.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on a complaint for relief from the automatic stay imposed by § 362 of the Bankruptcy Code. After reviewing the evidence produced at trial, the Court concludes that relief from the stay must be denied. An appropriate Order will be entered.[1]

On August 16, 1976, the plaintiff recorded a mortgage against the debtors' property in the gross amount of $392,112.[2] The property securing the mortgage is a parcel of approximately two (2) acres along Route 202 in Concord Township, Pennsylvania. A restaurant known as Lionti's Villa was located on the property at the time the loan was made. Subsequently, the restaurant was destroyed by fire.

As a result of the loss, First Mortgage Company received a payment of $180,000

---

**1.** This Opinion constitutes Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

**2.** Notes of Testimony, p. 25.

from the insurance carrier in April of 1978.[3] The debtors have commenced rebuilding a restaurant-nightclub on the site. In an attempt to avoid foreclosure and reorganize their finances, a Chapter 11 petition was filed on April 16, 1982. The mortgage company thereupon filed a complaint for relief from the stay and trial was commenced on July 13, 1982. After hearing a substantial amount of testimony, the Court continued the trial until August 12, 1982. On that date, the testimony was concluded.

The plaintiff asserts that the debtors have not provided the mortgage interest with adequate protection. The plaintiff further alleges that the debtors' retain no equity in the property. Therefore, it is argued, the Court must grant relief from the stay. See 11 U.S.C. § 362(d).

The evidence, however, does not support this conclusion. The parties stipulated that the amount due under the note was $331,-795 as of August 12, 1982.[4] Furthermore, there are late charges of $5,154.90 and unbilled attorney's fees to be added to this total.

The value of the property is a hotly contested issue. Both plaintiff and defendants placed into evidence testimony from expert real estate appraisers. The values which the witnesses placed upon the property, however, are greatly disparate. The defendants' appraiser estimated the property to be worth $450,000.[5] The plaintiff's appraiser, on the other hand, found the property to be worth only $213,400.[6] After due consideration, the Court finds the plaintiff's appraiser to be more credible and, therefore, the Court finds the value of the property to be approximately $215,000.

Based upon the foregoing figures, it would seem that relief should be granted. The defendants, however, argued that the actual obligation to the mortgage company must be reduced by the amount paid by the insurance company. Subtracting $180,000 from the approximately $350,000 due and owing to the plaintiff, leaves only a round figure of $170,000 to be paid on the mortgage.

No evidence was introduced concerning the existence of other liens on the property. Therefore, the Court finds that an equity cushion of approximately $45,000 is present to protect the plaintiff. In re Schlichter, 22 B.R. 666 (Bkrtcy.E.D.Pa.1982). In addition, the plaintiff holds second mortgages on two (2) residential homes in Delaware. Although the testimony as to the value of these properties was uncertain, the Court finds that they comprise additional adequate protection for the plaintiff's interest. 11 U.S.C. § 361(2).

In conclusion, the Court finds that the interest of the mortgagee is adequately protected by the existence of an equity cushion of $45,000 and by the second mortgages on the Delaware properties. An Order will be entered denying the requested relief.

The Court, however, is not unaware of the mortgagee's concerns. It is uncontested that the mortgagors are not making the regular payments required under the mortgage instrument. The Court will, therefore, hold a hearing in approximately ninety (90) days to review the matter and determine if the mortgagee's secured position has been diminished.

---

**3.** Notes of Testimony, p. 27.

**4.** Notes of Testimony, p. 56.

**5.** Notes of Testimony, p. 81.

**6.** Notes of Testimony, p. 13.